IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| STOCKTON MORTGAGE CORPORATIOIN, <br>     Plaintiff, | § § § § | |
| VS. | § § § | CIVIL ACTION NO. |
| TERRY LEE PRIEST, TAMMY LYNN PRIEST, AND UNITED STATES OF AMERICA, ON BEHALF OF THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT, <br>     Defendants. | § § § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Stockton Mortgage Corporation complains of Defendants, Terry Lee Priest, Tammy Lynn Priest, and United States of America, on behalf of the Secretary of Housing and Urban Development, stating as follows:

### I.     PARTIES & JURISDICTION

1. Stockton Mortgage Corporation ("Stockton") is a limited liability company, and it may be served in this matter through its attorney of record.

2. Defendant Terry Lee Priest, on information and belief, is a resident of Putnam County, Tennessee, residing at 4201 Mirandy Road, Cookeville, TN 38506 and may be served with process at that address.

3. Defendant Tammy Lynn Priest, on information and belief, is a resident of Putnam County, Tennessee, residing at 4201 Mirandy Road, Cookeville, TN 38506 and may be served with process at that address.

4. Defendant United States of America on behalf of the Secretary of Housing and Urban Development ("HUD"), may be served with process through the Associate General Counsel

of Litigation at Office of Litigation, 451 Seventh Street, S.W., Washington, D.C. 20410.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2410, as Stockton seeks to foreclose a lien on real property in which HUD, as an agency of the United States, holds a subordinate lien interest. Section 2410 expressly waives the United States' sovereign immunity in any civil action to foreclose a mortgage or lien where the United States, or an officer thereof, has or claims a lien or other interest in the property. Because the Secretary of HUD, in their official capacity, holds a junior lien on the subject property, this Court has jurisdiction to adjudicate the foreclosure proceedings and determine the rights of all lienholders, including HUD's interest. Additionally, jurisdiction is proper under 28 U.S.C. § 1331, as the matter involves the interpretation and enforcement of federal laws governing HUD's lien rights.

6. The Court has general and specific jurisdiction over all the Defendants that are domiciliary of Tennessee. *Daimler AG v. Bauman,* 571 U.S. 117 (2014). The Court has personal jurisdiction over the Secretary of HUD because the Secretary, through its junior lien on real property located within the State of Tennessee, has purposefully availed itself of the privilege of conducting activities within Tennessee, thus invoking the benefits and protections of its law. The exercise of personal jurisdiction over the Secretary is consistent with traditional notions of fair play and substantial justice.

7. Venue is proper in the Middle District of Tennessee, Northeastern Division under 28 U.S.C. § 1391(b) and 28 U.S.C. § 124(d)(3) because that is the district and division in which at least one Defendant resides, and because that is the district and division in which the real property that is the subject of this action is situated.

## II. BREACH OF CONTRACT

8. On November 5, 2020, Terry Lee Priest and tammy Lynn Priest (herein collectively

"Borrowers") made, executed and delivered to Stockton Mortgage Corporation a certain Promissory Note ("Note"), in writing, whereby Borrowers promised to pay Stockton Mortgage Corporation or order the amount of $176,641.00 plus interest. A true and correct copy of the Note is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 1**.

9. On November 5, 2020, Borrowers executed a certain Deed of Trust ("Security Instrument"), to secure the Note with certain real property, to wit:

> Beginning at a ½" pipe (set) being the southwestern corner of this described parcel located in the easters right-of-way of Mirandy Road as well as being located S19-15-13 W 54.00 feet from a water meter; thence going with the said right-of-way N08-43-03 E 71.43 feet; thence N03-41-15 E 44.55 feet to a ½" pipe (set); thence leaving the right-of-way and going with the parcel 67.02 of the Baisley/Summers property N78-44-48 E 125.00 feet to a ½" pipe (set); thence continuing with the same S04-08-48 W 149.79 feet to a ½" pipe (set); thence N85-28-12 W 125.85 feet to the beginning, being 0.37 acres, more or less, as surveyed by Christopher M. Vick R.L.S. #2164 on 21 May 2020.
>
> PREVIOUS AND LAST Conveyance being by Warranty Deed from JEREMIAH WHEET and GENE ALLRED, to TERRY LEE PRIEST and TAMMY LYNN PRIEST, husband and wife, recorded in Book 1251 Page 707, in the Register's Office of Putnam County, Tennessee.

Said real property having a reported mailing address of 4201 Mirandy Road, Cookeville, TN 38506 ("Property"). By executing the Security Instrument, the Borrowers granted a lien on and recourse to the Property for a breach thereunder. A true and correct copy of the Security Instrument is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 2**. Stockton is the record assignee of the Security Instrument under that certain Transfer and Assignment ("Assignment"). A true and correct copy of the Assignment is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 3**.

10. The obligation evidenced by the Note and Security Instrument is also hereinafter referred to as the "Loan."

11. Borrowers, to Stockton's detriment, have failed and refused to pay amounts that have come due under the Loan, although repeated demands for payment have been made. Stockton

caused to be provided to Borrowers proper notices of the default described herein and its intent to accelerate the indebtedness ("Notices of Default"), true and correct copies of which are attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 4**. Each occurrence of non-performance by Borrowers under the Loan as herein described is a breach thereunder.

12. Borrowers' continued breach under the Loan has directly and proximately caused damages to Stockton in that amounts due to Stockton remain unpaid, and in that Stockton is incurring fees and expenses to enforce its rights under the Loan and to protect its security interest in the Property.

13. Borrowers have not cured the default described in the Notices of Default. Consequently, Stockton has, and/or does hereby exercise its right under the Security Instrument to require immediate payment in full of all sums secured thereunder. Stockton's records reflect that the unpaid principal balance due and payable under the Loan and secured under the Security Instrument, exclusive of interest, late fees, costs, advances, attorneys' fees, and attorneys' costs, was $161,798.53 as of August 1, 2024.

14. For consideration, the Borrowers promised to repay the Loan in installments. Borrowers breached such promise to the detriment of Stockton. Thus, and in accordance with Tennessee Code Section 21-1-803, Stockton is entitled to a judgment quantifying the amount chargeable to the Property in respect of the Loan (including principal, pre-judgment interest, reasonable attorneys' fees and expenses, advances, costs, and post-judgment interest), and foreclosure upon the lien against the Property securing such amount.

### III. INTERESTS OF HUD AND OTHER SUBORDINATE LIENHOLDERS

15. Defendant HUD is named herein as a defendant because it claims an interest in the Property under the terms of that certain Partial Claims Mortgage filed and recorded in the Official

Public Records of Putnam County on May 1, 2024, at Book 1538 Page 351, a copy of which is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 5.** This interest is subordinate and inferior to Stockton's interest in the Property. Plaintiff is not seeking monetary relief from this Defendant.

## IV. CONDITIONS PRECEDENT

16. By virtue of filing this Complaint, Stockton hereby accelerates all sums due under the Loan and demands payment in full of the said amount.

17. Defendant Borrowers' failure to comply with this demand entitles Stockton to seek foreclosure of the Property.

18. All conditions precedent to the relief requested herein by Stockton have been performed or have occurred.

## V. ATTORNEYS' FEES

19. The Loan provides that in the event of foreclosure, and insofar as allowed by Tennessee Code Section 21-1-803, Stockton may be awarded all expenses incurred in pursuing remedies provided for thereunder, including reasonable attorneys' fees and costs, expenses, or advances made necessary or advisable or sustained by Stockton because of the default or to protect its security interest. Stockton has retained Marinosci Law Group, P.C., and agreed to pay its reasonable attorneys' fees and costs incurred relative to this proceeding and to protect Stockton's security interest in the Loan.

## Prayer

WHEREFORE, Stockton Mortgage Corporation prays that after service of process is completed as to all Defendants, then the Court quantify the amount chargeable to the Property in respect of the Loan (including, principal, pre-judgment interest, reasonable attorney's fees and expenses, advances, costs, and post-judgment interest) and grant foreclosure upon the lien securing such amount as remedy to Stockton for Defendants Terry Lee Priest and Tammy Lynn Priest's breach of contract as herein alleged, deem all junior lienholders' interest in the Property inferior to the superior interest of Stockton, and for all other relief Court deems appropriate.

DATE: March 1, 2025.

Respectfully submitted,
MARINOSCI LAW GROUP, P.C.

*/s/ Sammy Hooda*
Sammy Hooda / TX State Bar No. 24064032
16415 Addison Road, Suite 725
Addison, Texas 75001
Phone: 401.234.9200 x 3002
Fax: 972.331.5240
Email: shooda@mlg-defaultlaw.com
**ATTORNEYS FOR PLAINTIFF**
**STOCKTON MORTGAGE CORPORATION**